UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENACHEM MENDEL SCHNEORSON,<br><br>        Appellant,<br><br>v.<br><br>MARGALIT SCHNEORSON,<br><br>        Appellee. | **MEMORANDUM & ORDER**<br>22-CV-02434 (HG) |
| MENACHEM MENDEL SCHNEORSON,<br><br>        Appellant,<br><br>v.<br><br>MARGALIT SCHNEORSON,<br><br>        Appellee. | 22-CV-02445 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Appellant Menachem Schneorson ("Debtor") is the debtor in a Chapter 7 bankruptcy proceeding pending in the U.S. Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *In re Schneorson*, No. 1-22-40433 (Bankr. E.D.N.Y. filed Mar. 6, 2022). Debtor has filed notices of appeal from two separate orders by Bankruptcy Judge Mazer-Marino in that same bankruptcy proceeding, which have been docketed as separate cases assigned to this Court. In one of these appeals, Debtor challenges Judge Mazer-Marino's order permitting an attorney to appear *pro hac vice* on behalf of Debtor's wife, who is also one of his creditors. *In re Schneorson*, No. 22-cv-2445 (E.D.N.Y. filed Apr. 29, 2022) (ECF No. 1). In the other appeal, Debtor challenges Judge Mazer-Marino's order, in response to a motion by Debtor's wife, lifting the automatic stay solely for the purpose of permitting the bankruptcy trustee to sell the home

that Debtor and his wife previously occupied before their marriage dissolved. *In re Schneorson*, No. 22-cv-2434 (E.D.N.Y. filed Apr. 28, 2022) (ECF No. 1).

This order addresses both of Debtor's appeals. For the reasons set forth below, the decision admitting Debtor's wife's attorney *pro hac vice* is an interlocutory order that is not appealable as of right, and the Court exercises its discretion to deny Debtor leave to appeal that order. Although the order granting relief from the automatic stay is appealable as of right, the Court dismisses as moot Debtor's appeal from that order because Debtor never sought a stay of the Bankruptcy Court's order, and the property at issue has already been sold.

## PROCEDURAL HISTORY

Debtor's wife commenced a divorce proceeding against him in Florida state court several years before his bankruptcy proceeding.[1] Bankr. ECF No. 7 at 6.[2] Debtor's wife asserts that, during those divorce proceedings, the Florida court ordered Debtor to convey to his wife his entire interest in the home that they had previously occupied together, thereby making Debtor's wife the sole owner of the property. *Id.* at 7. Accordingly, she filed a motion in the Bankruptcy Court arguing that the home should not be considered part of Debtor's bankruptcy estate. *Id.* at 13–15. Alternatively, she argued that the Bankruptcy Court should lift the automatic stay with respect to that property, so that she could sell it. *Id.* at 16–18.

In connection with the motion to lift the automatic stay, the attorney representing Debtor's wife filed a motion to appear *pro hac vice* because he was admitted to practice in Florida, but not in this District. Bankr. ECF No. 6. Debtor filed an opposition to that motion,

---

[1] Although the current status of Debtor's marriage is unclear, the papers filed on behalf of Margalit Schneorson refer to herself a Debtor's "wife," so the Court has done the same throughout this decision. *See, e.g.*, Bankr. ECF No. 7 at 4.

[2] References in this decision to "Bankr. ECF No." refer to the docket entries in Debtor's proceeding pending in the Bankruptcy Court: No. 1-22-40433.

2

which argued that the motion should be denied because it had never been properly served on him.  Bankr. ECF No. 10 at 1.  Debtor further argued that his wife's attorney had made various false statements to the Florida court overseeing the divorce proceedings and had also made false statements to the Bankruptcy Court about developments in the divorce proceedings.  *Id.* at 3–6.

The Bankruptcy Court held a hearing to discuss the motion by Debtor's wife to lift the automatic stay, along with various other matters.  Bankr. ECF No. 51.  During that hearing, Judge Mazer-Marino noted Debtor's objection to the *pro hac vice* motion, but explained that she was granting the motion because the attorney representing Debtor's wife was in good standing with the Florida Bar and had paid the filing fee, as required by the Bankruptcy Court's Local Rule 2090-1(b).  Bankr. ECF No. 51 at 13–14.

When Judge Mazer-Marino proceeded to discuss the motion to lift the automatic stay, Debtor said that he also had not properly been served with that motion and wanted more time to submit an objection.  *Id.* at 22–23.  Judge Mazer-Marino, however, decided to grant the motion, explaining that the trustee was in contract to sell the property at issue for $640,000, which was close to twice what the home had been valued in an appraisal submitted in the Florida court in December 2021 as part of Debtor's divorce proceedings.  *Id.* at 24.  She explained that the trustee would "h[o]ld in escrow" the proceeds from the sale, so that Debtor and his wife could continue to argue whether the money belonged to Debtor's bankruptcy estate or to Debtor's wife.  *Id.*  Two days following the conference, the Bankruptcy Court issued a written order lifting the automatic stay, solely with respect to the home that Debtor and his wife previously shared, on the terms that Judge Mazer-Marino described.  Bankr. ECF No. 17.

Debtor timely appealed both the Bankruptcy Court's decision granting the *pro hac vice* motion and the decision partially lifting the automatic stay.  Bankr. ECF Nos. 34, 35.  However,

Debtor never filed—in either the Bankruptcy Court or this Court—a motion to stay pending appeal the Bankruptcy Court's order lifting the automatic stay. Due to the absence of a stay, before Debtor had even filed his appellate brief perfecting his appeal, the property that Debtor had previously occupied with his wife had already been sold, as explained by the trustee during a subsequent appearance in the Bankruptcy Court. Bankr. ECF No. 63 at 7–8.

## DISCUSSION

### I. The Court Denies Debtor Leave to Appeal the Bankruptcy Court's Order Admitting His Wife's Attorney *Pro Hac Vice*

The Bankruptcy Court's order that permitted the attorney representing Debtor's wife to appear *pro hac vice* is not a final order and therefore requires the Court's leave to appeal. The Court will therefore treat Debtor's notice of appeal as a motion for leave to appeal, as authorized by Fed. R. Bankr. P. 8004(d). *See In re Segal*, 557 B.R. 46, 51 (E.D.N.Y. 2016) (treating notice of appeal as a motion for leave to appeal and declining to grant leave to appeal).

Motions for leave to appeal interlocutory orders of bankruptcy courts are permitted by 28 U.S.C. § 158(a)(3). *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021). However, that provision does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders. *Id.* To fill this gap, "[c]ourts in this Circuit have invariably held that all appeals governed by Section 158(a)(3) should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted." *Id.*[3] That provision allows courts to accept an appeal of an interlocutory order only if "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an

---

[3] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018). "All three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." *In re Segal*, 557 B.R. at 51.

"As to the first prong, an order involves a controlling question of law where reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *2178 Atl. Realty*, 2021 WL 1209355, at *4. "In addition, the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy v. Jones ex rel. Tr. of Est. of Veeraswamy*, No. 19-cv-2137, 2019 WL 1876788, at *2 (E.D.N.Y. Apr. 26, 2019). "The second prong, requiring a substantial ground for difference of opinion, is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. 181, 186 (E.D.N.Y. 2021). "The third prong, assessing whether an appeal would materially advance termination of the litigation, is satisfied where the appeal promises to advance the time for trial or to shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558.

When considering these requirements, the Court must be mindful of the foundational principle that "interlocutory appeals are strongly disfavored in federal practice." *Id.* Accordingly, "[g]ranting leave for an interlocutory appeal represents extraordinary relief as only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Joe's Friendly Serv. & Son*, 628 B.R. at 185.

It is difficult to conceive of an issue less likely to satisfy the requirements for taking an interlocutory appeal than an order admitting an attorney *pro hac vice*. Reversing the Bankruptcy Court's decision and requiring Debtor's wife to hire a new attorney would not resolve Debtor's bankruptcy proceeding, move it towards a resolution any faster, or even have a material impact on the proceeding. Debtor has predictably not identified any split of authority regarding the appropriate standard to apply when deciding to admit an attorney *pro hac vice* since the requirements are simple and clearly defined by the Bankruptcy Court's Local Rule 2090-1(b). Additionally, the Bankruptcy Court remains free to revoke the attorney's *pro hac vice* admission if it detects any of the same type of alleged misconduct that Debtor complains about having occurred in his divorce proceedings in the Florida court, as Judge Mazer-Marino has threatened to do in at least one instance. *See* Bankr. ECF No. 62 at 19. Her ability continuously to monitor the conduct of the attorney representing Debtor's wife and to revoke his *pro hac vice* admission if necessary underscores the interlocutory nature of the decision and the inadvisability of this Court weighing in on the issue. For all of these reasons, the Court declines to grant Debtor leave to appeal the *pro hac vice* order and dismisses Debtor's appeal from that order for lack of jurisdiction.

**II.    The Court Dismisses as Moot Debtor's Appeal of the Bankruptcy Court's Order Granting Relief from the Automatic Stay**

The automatic stay is codified in Section 362 of the Bankruptcy Code, and the provisions that allow for relief from the automatic stay are codified within that same section. *See Boissard v. Specialized Loan Servicing, LLC*, No. 19-cv-4280, 2020 WL 9815999, at *4 (E.D.N.Y. Sept. 25, 2020) (citing 11 U.S.C. § 362(a)(1)). "There are two avenues for relief from an automatic stay under sections 362(d)—(d)(1) and (d)(2)." *Id.* The second of these avenues applies to orders to lift the automatic stay with respect to a specific piece of property—*i.e.*, the type of

6

order that the Bankruptcy Court entered—and "allows courts to grant relief from the stay 'if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.'" *Id.* at *5 (quoting 11 U.S.C. § 362(d)(2)). "For these purposes, a debtor lacks equity in a particular piece of property when the sum total of the claims secured by the property exceed its value." *In re Mader*, No. 19-cv-2048, 2021 WL 1729472, at *6 (E.D.N.Y. Mar. 31, 2021). The creditor seeking relief from the automatic stay "bears the burden of establishing the debtor has no equity in the [p]roperty; then the burden shifts to . . . [the] debtor[] to show the property is necessary to an effective reorganization." *Id.*

The Supreme Court has recently held that an order deciding a creditor's motion for relief from the automatic stay is immediately appealable as of right. *Ritzen Grp., Inc., v. Jackson Masonry LLC*, 140 S. Ct. 582, 586 (2020). However, "[t]he decision to grant or deny relief from the automatic stay is reviewed for abuse of discretion." *Holt v. JP Morgan Chase Bank, N.A.*, No. 17-cv-7901, 2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019). This means that "the [C]ourt does not consider whether it would have made the same decision, but merely whether the Bankruptcy Court's decision was reasonable." *Id.*

The Court need not reach the issue of whether 11 U.S.C. § 362 authorized the Bankruptcy Court to lift the automatic stay with respect to the home that Debtor and his wife previously occupied because that issue has become moot. As described above, Debtor never moved for a stay of that order in either the Bankruptcy Court or this Court. As a result, before Debtor even filed his appellate brief in this Court, the property had already been sold. *See* Bankr. ECF No. 63 at 7–8. The sale of the property leaves the Court with "no remedy that it can fashion even if it would have determined the issues differently." *In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997) (dismissing as moot appeal of bankruptcy court order authorizing sale of intellectual property

7

that had already been sold). Under similar circumstances, courts within the Second Circuit have dismissed as moot appeals from bankruptcy court orders seeking to prevent the sale of real property that had already been sold. *See Mata v. Arvest Central Mortg. Co.*, No. 19-cv-2846, 2020 WL 1694314, at *5 (E.D.N.Y. Apr. 7, 2020) (dismissing as moot appeal from denial of debtor's order seeking to extend automatic stay because debtor's home had already been sold); *St. Maarten v. Deutsche Bank Nat'l Tr. Co.*, No. 19-cv-3426, 2020 WL 1066267, at *3 (E.D.N.Y. Mar. 5, 2020) ("[T]his appeal is moot because the property that was previously subject to the stay has already been sold pursuant to the bankruptcy court's order . . . ."); *In re Wenegieme*, No. 16-cv-8107, 2017 WL 4286324, at *5 (S.D.N.Y. Sept. 26, 2017) (dismissing appeal as moot because "there was no stay of the Lift Stay Order and the Property was sold to a third party," thereby preventing the court from being able to "fashion effective relief").

The Second Circuit in *Gucci* limited its holding about mootness to instances in which "the entity that purchased or leased the [debtor's] property did so in good faith." *In re Gucci*, 105 F.3d at 840. However, Debtor has not raised any issue about whether the person or entity that purchased his former home did so in bad faith, so this exception cannot save his appeal from being moot. *See Mata*, 2020 WL 1694314, at *5 (holding that appeal was moot where "Appellant d[id] not put forth any credible assertions of bad faith with respect to the sale of th[e] property"); *St. Maarten*, 2020 WL 1066267, at *3 (holding that appeal was moot where "there [we]re no allegations that Appellees' conduct during the foreclosure sale was not in good faith").

## **CONCLUSION**

For the reasons set forth above, the Court declines to exercise jurisdiction over Debtor's appeal of the Bankruptcy Court's order granting *pro hac vice* status to the attorney representing Debtor's wife, and the Court therefore dismisses Debtor's appeal from that order for lack of

8

jurisdiction. *See In re Schneorson*, No. 22-cv-2445 (E.D.N.Y. filed Apr. 29, 2022) (ECF No. 1). The Court also dismisses for lack of jurisdiction Debtor's appeal of the Bankruptcy Court's order granting relief from the automatic stay because that appeal has become moot. *See In re Schneorson*, No. 22-cv-2434 (E.D.N.Y. filed Apr. 28, 2022) (ECF No. 1). The Clerk of Court is respectfully directed to enter judgment accordingly, to close both of these cases, and to mail copies of this order and the forthcoming judgments to the *pro se* Appellant.

      SO ORDERED.

                                */s/ Hector Gonzalez*
                                HECTOR GONZALEZ
                                United States District Judge

Dated: Brooklyn, New York
       July 12, 2023